UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHANIE A. FISHER,
MARK C. FISHER, and                                      **DECISION**
MARLENE L. FISHER,                                           **and**
                                    Plaintiffs,            **ORDER**

                    v.
                                                       **07-CV-347A(F)**

SMITHKLINE BEECHAM CORPORATION,
  doing business as GlaxoSmithKline,


                                    Defendant.

_____

APPEARANCES:            BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
                        Attorneys for Plaintiffs
                        FRANCES M. PHARES, of Counsel
                        12100 Wilshire Boulevard
                        Suite 950
                        Los Angeles, California    90025

                        UNDERBERG & KESSLER, LLP
                        Attorneys for Plaintiffs
                        R. SCOTT DeLUCA, of Counsel
                        1900 Main Place Tower
                        Buffalo, New York 14202

                        KING & SPALDING LLP
                        Attorneys for Defendant
                        FRANKLIN B. BRANNEN, JR., of Counsel
                        1180 Peachtree Street
                        Atlanta, Georgia 30309-3521

                        PHILLIPS LYTLE LLP
                        Attorneys for Defendants
                        PETER D. BRAUN, and
                        ROBERT E. GLANVILLE, of Counsel
                        Suite 3400
                        One HSBC Center
                        Buffalo, New York 14203-2887

**JURISDICTION**

This case was referred to the undersigned by Hon. Richard J. Arcara on June 18, 2007 for all pretrial matters.  It is presently before the court on Defendant's Motion for Reconsideration of this court's sanctions order filed October 14, 2008 (Doc. No. 133), and Defendant's Motion to Confirm Tolling of Time to File Objections under Federal Rule of Civil Procedure 72(a) filed October 14, 2008 (Doc. No. 108).

**BACKGROUND**

On December 21, 2007, Plaintiffs moved for sanctions against Defendant and its attorneys pursuant to Fed.R.Civ.P. 16(f) and this court's ADR Plan § 5.8G (Doc. No. 79) ("Plaintiffs' motion").  Plaintiffs' motion was supported by the Declaration of Frances M. Phares, Esq. (Doc. No. 80) ("Phares Declaration"), and the Affidavit of R. Scott DeLuca, Esq. in Support of Plaintiffs' Motion for Sanctions (Doc. No. 81) ("DeLuca Affidavit").[1]

On January 22, 2008, Defendant and its attorney, Franklin B. Brannen, Jr. ("Brannen") filed their opposition to Plaintiffs' motion (Doc. No. 93) ("Defendant's Response to Sanctions Motion") along with Exhibits 1 and 2, and the Affidavit of Frank P. Brannen, Jr. in Support of Defendant's Opposition to Plaintiffs' Sanction Motion (Doc. No. 94) ("Brannen Affidavit").  On January 29, 2008, Plaintiffs filed Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Motion for Sanctions (Doc. No. 97) ("Plaintiffs' Reply").  Oral argument was deemed unnecessary.

On September 29, 2008, the court filed its Decision and Order granting Plaintiffs'

---

[1] "Plaintiffs now move for an order imposing sanctions on Defendant and/or Defendant's counsel." Deluca Affidavit ¶ 14.

motion against Defendant and Brannen and denying Plaintiffs' sealing motion (Doc. No. 106) ("the D&O" or "the Sanctions Order").  The court also directed Plaintiffs to submit an affidavit of hourly rates in further support of Plaintiffs' motion.  On October 8, 2008, Plaintiffs filed the Declaration of Frances M. Phares, Esq. providing the hourly rate information (Doc. No. 107) ("Phares Fee Declaration") as directed by the court. Although requested by the D&O ("D&O" at 22), Defendant and Brannen failed to file any opposition to the Phares Fee Declaration.[2]

As noted, Defendant filed, on behalf of itself and Brannen, on October 14, 2008, Defendant's Motion for Reconsideration (Doc. No. 133) ("Defendant's reconsideration motion"), and Defendant's Motion to Confirm the Tolling of the Time to File Objections to the D&O (Doc. No. 108) ("Defendant's tolling motion").  Plaintiffs do not oppose Defendant's tolling motion.  In support of Defendant and Brannen's reconsideration motion, Defendant filed, under seal, Defendant's Objections to the D&O and Defendant's reconsideration motion (Doc. No. 133) and the Affidavit of Franklin P. Brannen, Esq. (Doc. No. 134) ("Brannen Reconsideration Affidavit").

On October 27, 2008, Plaintiffs filed Plaintiffs' Opposition to Defendant's Motion for Reconsideration of Sanctions Order (Doc. No. 111) ("Plaintiffs' Opposition") along with the Declaration of Frances M. Phares, Esq. in Support of Plaintiffs' Opposition to Defendant's Motion for Reconsideration (Doc. No. 111-2) ("Phares Declaration in Opposition").  On October 30, 2008, Defendant and Brannen filed a Reply in Support of Defendant's Objections and Motion for Reconsideration (Doc. No. 136) ("Defendant's

---

[2]  Nor did Defendant or Brannen separately oppose Phares's statement of expenses and attorney's fees in opposition to Plaintiffs' motion.

Reply").

By letter dated November 7, 2008, Plaintiffs requested leave to file a sur-reply to Defendant's Reply along with a proposed draft of the Declaration of Frances M. Phares, Esq. in Support of Plaintiffs' Sur-Reply (Doc. No. 113).  By letter dated November 10, 2008, Defendant and Brannen opposed Plaintiffs' request (Doc. No.114).  On November 17, 2008, the court GRANTED Plaintiffs' request (Doc. No. 116).  On November 19, 2008, Plaintiffs filed Plaintiffs' Sur-Reply to Defendant's Reply (Doc. No. 117) ("Plaintiffs' Sur-Reply") along with the Declaration of Frances M. Phares, Esq. in Support of Plaintiffs' Sur-Reply (Doc. No. 117-2) ("Phares Sur-Reply Declaration").

On December 8, 2008, the court GRANTED Defendant's application to file under seal Defendant's Response to Plaintiffs' Sur-Reply, (Doc. No. 119); on the same date, Defendant's Response to Plaintiffs' Sur-Reply was filed under seal (Doc. No. 120) ("Defendant's Response to Plaintiffs' Sur-Reply").[3]  Oral argument on Defendant's reconsideration motion was deemed unnecessary.

Based on the following, Defendant's tolling motion (Doc. No. 108) is GRANTED; and Defendant and Brannen's reconsideration motion (Doc. No. 133) is DENIED.

## FACTS[4]

This court's Alternative Dispute Resolution Plan ("the ADR Plan" or "the Plan"),

---

[3]  By Text Order filed March 26, 2009 (Doc. No. 137), the court granted, without opposition, Defendant's Application to File Under Seal its Objections to Motion for Reconsideration of this Court's Sanctions Order and Related Materials filed October 14, 2008 (Doc. No. 132), and Defendant's Request to Seal Reply, filed October 30, 2008 (Doc. No. 135) ("Defendant's motions to seal").

[4]  Taken from the papers filed in connection with Plaintiffs' motion for sanctions and Defendant's motion for reconsideration.

adopted August 22, 2005, provides for mandatory mediation of civil cases as directed

by the court.  The ADR Plan seeks to provide a court-administered mediation program

as a means of achieving a speedy and cost-effective resolution of civil actions pending

before the court as an alternative to formal litigation procedures.  *Id.* § 1.2A.  To

promote its objectives, the ADR Plan provides that "[m]ediation [under the ADR Plan] is

confidential and private," prohibits the disclosure of "confidential information acquired

during mediation without the consent of the disclosing party," ADR Plan § 5.10A, which

information includes "written and oral communications made in connection with or

during the mediation session, any positions taken and any views of the merits of the

case formed by any participant, including parties, counsel and the mediator."  *Id.* §

5.10A1.  The mediator may not disclose communications during a "caucus," *i.e.*, a

private meeting with one party, without permission of the party with whom the mediator

has met in a "caucus."  ADR Plan § 5.9D.

The ADR Plan also requires the good faith participation of the parties and their

counsel in mediation, and failure to comply with this requirement is subject to judicial

sanctions.  ADR Plan § 5.8G.  When the parties engaged in the mediation session with

Michael Brady, Esq. ("Brady" or "the mediator"), on November 28, 2007, the mediator

selected by the parties under the ADR Plan, violations of the ADR Plan by a party, when

reported to the court by the mediator, authorized the court to impose sanctions.  ADR

Plan § 2.3B   Show cause hearings by the court to consider such sanctions were to be

on the record, "but under seal."  *Id.*  After the filing of Plaintiffs' motion for sanctions, the

ADR Plan was amended, effective January 1, 2008, to authorize a party, as well as the

mediator, to report a party's failure to participate in good faith in mediation pursuant to

the ADR Plan.  ADR Plan § 2.3A (" § 2.3A"); D&O at 8-9.  However, nothing in the text of § 2.3A before such change expressly limited filing of complaints by a mediator regarding misconduct in connection with the ADR Plan.  *Id.*

A pretrial case management order, filed September 5, 2007, pursuant to Fed.R.Civ.P. 16(b) (Doc. No. 58) ("the Scheduling Order"), directed the case to mediation under the ADR Plan and provided that motions to opt out of mediation pursuant to the Plan were to be filed by September 13, 2007, mandatory disclosures, required by Fed.R.Civ.P. 26(a)(1), were to be served by September 14, 2007, and established deadlines for the selection of a mediator as well as motions to add parties or amend the pleadings.  Scheduling Order ¶ ¶ 1-5.  The Scheduling Order authorized limited fact discovery "[p]reliminary to mediation," *id.* ¶ 6, which was to be conducted not later than November 30, 2007.  *Id.* ¶ 7.  No further cut-off dates for subsequent phases of the litigation, in the event that the required mediation was unavailing, such as completion of fact discovery, expert witness disclosures required by Fed.R.Civ.P. 26(b)(4)(A) and filing of dispositive motions, were included in the Scheduling Order at that time.  Instead, the court directed the parties report the outcome of the mediation to the court and that "a further Rule 16(b) hearing will be scheduled" for the purpose of scheduling these matters.  *Id.* ¶ 8.

Plaintiffs, in preparation for the mediation session with Brady scheduled for November 28, 2007, with Brady's permission, pursuant to ADR Plan § 5.6 (requiring and limiting such memorandum to ten pages) filed on November 21, 2007, an eighteen

page memorandum along with twenty-seven exhibits.  D&O at 3-4.[5]  While Plaintiffs'

attorney, Frances M. Phares, was travelling on September 27, 2007 from her office in

New Orleans to attend the mediation session with Brady, at Brady's office in Buffalo,

New York, which had been scheduled by the parties and Brady, Phares Declaration ¶ 6,

for September 28, 2007, Defendant, on September 27, 2007, filed, without prior notice

to Phares, Plaintiffs or Brady, a motion for summary judgment (Doc. No. 72) directed to

Defendant's affirmative defense that Plaintiffs' action was time-barred under the

applicable two-year Pennsylvania statute of limitations.  D&O at 4.  Plaintiffs also

travelled by auto from their residence in Jamestown, New York on the morning of

September 28, 2007, after adjusting their personal and business schedules in order to

attend the mediation.  *Id.*  Representing Defendant, Brannen attended the mediation,

however, Defendant's representative, Ellen Hudock, Esq., an "in-house" attorney for

Defendant,[6] was allowed by prior agreement among the parties and Brady, Brannen

Affidavit ¶ 3, to participate by telephone.  Phares Declaration ¶ 11; D&O at 4.  Because

when Defendant's summary judgment motion was filed by Brannen on September 27,

2007, Phares had already left her office and was travelling to Buffalo to attend the

mediation, she was unaware that the summary judgment motion had been filed at 4:30

p.m. on September 27, 2007, the day before the mediation.  Phares Declaration ¶ ¶ 12,

16; DeLuca Affidavit ¶ 11; D&O at 12.  Nor had Phares been previously advised by

---

[5]  Nothing in the record indicates that Defendant filed a similar pre-mediation memorandum.  *See* Defendant's Response (*passim*); Brannen Affidavit (*passim*); Defendant's reconsideration motion (*passim*); Brannen Reconsideration Affidavit (*passim*).

[6] The D&O inadvertently misspelled Ms. Hudock's name as Hurdock.  Brannen Reconsideration Affidavit ¶ 10 ("Ms. Ellen Hudock in-house counsel for GSK").

Defendant's attorneys that it intended to do so.  Phares Declaration ¶ 12; DeLuca

Affidavit ¶ 11.

At the mediation, conducted in Brady's office, Phares Declaration ¶ 11, after

introductory comments by the mediator, Phares outlined Plaintiffs' case.  D&O at 4;

Phares Declaration ¶ 12.  Following Plaintiffs' presentation, Brannen presented

Defendant's case during which Brannen informed Phares that the summary judgment

motion had been filed and handed Phares a copy of Defendant's memorandum of law in

support of the motion.  Phares Declaration ¶ 12; D&O at 4.  According to Plaintiffs, at

the mediator's request, Plaintiffs and Phares then met privately with Brady.  Phares

Declaration ¶ 13; D&O at 4-5.  After his meeting with Plaintiffs, Brady conferred privately

with Brannen and Hudock, and then met again separately with Plaintiffs and Phares.  At

that time, Brady informed Plaintiffs and Phares that Defendant's settlement offer was

limited to $1,000 unless Plaintiffs and Phares could "explain to Brannen's satisfaction,"

how Plaintiffs expected to defeat Defendant's motion seeking summary judgment on

Defendant's statute of limitations defense, and that if Plaintiffs were unable to meet this

precondition to further discussion of a possible settlement, Brannen was "unwilling to

engage in further mediation."  Phares Declaration ¶ 14; D&O at 4-5.  Based on

Defendant's mediation posture and announced by Brannen, as then communicated to

Plaintiffs and Phares by the mediator, following a brief private meeting among Plaintiffs

and Phares, the mediation session was terminated by Brady.  Id; Phares Sur-Reply

Declaration ¶ ¶ 4-6.

In opposition to Plaintiffs' motion, Defendant argued that (1) the motion lacked a

procedural legal basis because at the time Plaintiffs' motion was filed, the ADR Plan

limited filing of complaints based on lack of good faith mediation to those filed by the

mediator, not a party, and that Brady had not certified to the court, pursuant to § 2.3A of

the Plan, that Defendant had not participated in the mediation in good faith, Defendant's

Response to Sanctions Motion at 2-3, (2) Plaintiffs' motion improperly disclosed

confidential mediation information in violation of the ADR Plan, *id.* at 3, and (3) that the

mediation session was terminated because the mediator determined that Plaintiff could

not "respond to [Defendant's] offer of the day," not because of any lack of good faith on

Defendant's part during the mediation. *Id.* 3-6.  Moreover, according to Defendant and

Brannen, the $1,000 offer was Defendant's "initial offer," and was issued in response to

what Brannen described as an earlier and "grossly outrageous" demand from Plaintiffs.

*Id.* at 4.  No indication of the exact amount of Plaintiffs' "grossly outrageous" demand,

as communicated to Defendant and Brannen sometime before the mediation, was

provided by Defendant and Brannen to the court either in opposition to Plaintiffs' motion

or in support of Defendant and Brannen's reconsideration motion.  Defendant further

relied on its belief that nothing precluded Defendant from filing the summary judgment

motion, without prior notice of Plaintiffs or the mediator, when it chose to do so including

on the eve of the scheduled mediation, *id.* at 5, and that even if Defendant and Brannen

had not filed the motion, the issues raised by the motion and the copy of Defendant's

supporting legal memorandum presented to Phares and Plaintiffs by Brannen during the

mediation session, would necessarily have required Phares to respond to such issues

as a prerequisite to resolution at the mediation regardless of whether Defendant had

formally filed the motion.  *Id.*  Defendant and Brannen particularly relied on the fact that

in other litigation between Brannen's and Phares's law firms, involving similar claims

against Defendant and Plaintiffs allege in this action, similar statute of limitations issues had been raised by Defendant. *Id.* Exh. 2 (Defendant's Memorandum of Law in Support of Summary Judgment filed October 27, 2007 in *Blain v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline*, 07-CV-1157MLB-DWB (D.Kan. Witchita Div.)).

In the D&O, the court rejected each of Defendant and Brannen's arguments finding that Brannen's participation in the mediation session on behalf of Defendant lacked a good faith basis warranting sanctions pursuant to ADR Plan § 5.8G. D&O at 12. Specifically, the court found (1) broad authority for Plaintiffs' motion, including under Fed.R.Civ.P. 16(f), despite the specific lack of a basis for Plaintiff's motion under the version of the ADR Plan then in effect, D&O at 8-9, (2) that Plaintiffs did not violate the ADR Plan's confidentiality requirement because Plaintiffs' disclosures of key facts regarding the conduct of the mediation were limited to those facts minimally necessary to support Plaintiffs' motion, D&O at 10, and (3) that Defendant and Brannen's unexcused and wilful failure to advise Plaintiffs and Phares reasonably in advance of the scheduled mediation that Defendant's summary judgment motion would be filed and that Defendant would require Plaintiffs to sufficiently rebut the motion at the mediation conference as a precondition to any possible settlement greater than Defendant's token $1,000 offer, demonstrated Brannen's lack of good faith in participating in the mediation justifying sanctions pursuant to § 5.8G of the Plan. D&O at 10-15.

In support of reconsideration, Defendant and Brannen assert that Plaintiffs' violation of the ADR Plan's confidentiality requirements, impliedly condoned by the court's acceptance of Plaintiff's statement of the facts surrounding the failed mediation session as stated in the D&O, presented the court with an incomplete record upon

which the court determined the merits of Plaintiffs' motion.  Defendant's reconsideration

motion at 2-3.  Defendant and Brannen further contend that because of the resulting

"Catch-22 situation" in which Defendant and Brannen were then placed Defendant and

Brannen were "hamstrung" in their ability to effectively oppose Plaintiff's motion and the

court should consider Defendant and Brannen's supplementary submissions, including

the Brannen Reconsideration Affidavit particularly Defendant's Exhibit A, a hard-copy of

print-out of pages of a Power-Point presentation Brannen claims he made during the

mediation session as demonstrating Defendant and Brannen's good-faith participation in

the mediation.  *Id.* ¶ 4.

Defendant contends on behalf of itself and Brannen that (1) its objections to the

D&O, the Motion for Reconsideration and Brannen's Affidavit in Support of

Reconsideration demonstrate Defendant's participation in the mediation was not limited

to a reliance upon the merits of its motion for summary judgment, and that Brannen

addressed the substantive merits of Plaintiffs' claims; (2) Plaintiffs relied on selective

facts and confidential information about the conduct of the mediation in their description

to the court of the mediation and Defendant's attorneys' conduct and thus misled the

court; (3) Plaintiffs should have anticipated Defendant would interpose the merits of its

previously pleaded statute of limitations defense as an issue for discussion at the

mediation; (4) Plaintiffs agreed to Hudock's telephonic participation in the mediation and

thus such participation lends no supports to finding that Defendant and Brannen acted in

bad faith; and (5) neither Plaintiffs nor Brady complained, in Brannen or Hudock's

presence, about the conduct of Defendant's counsel at the mediation session.

Defendant's reconsideration motion at 6-13; Brannen Reconsideration Affidavit ¶ ¶ 4-6,

10, 14-15.

## DISCUSSION

Reconsideration may be granted where the court overlooked controlling decisions or material information, *i.e.* "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The moving party "bears the heavy burden of demonstrating that there has been an intervening change in controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Quinn v. Altria Group, Inc.*, 2008 WL 3518462 *1 (S.D.N.Y. Aug. 1, 2008) (citing *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 255 (2d Cir.), *cert. denied*, 506 U.S. 820 (1992)). The criteria for granting reconsideration are to be "strictly construed against the moving party," *Larouche v. Webster*, 975 F.Supp. 490, 492 (S.D.N.Y. 1996) (citing cases), and granting the motion is within the sound discretion of the court. *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999). A fair and careful review of the record demonstrates that Defendant and Brannen's motion is without merit.

First, Defendant and Brannen rely heavily on the assertion that they were unfairly "hamstrung" in opposing Plaintiffs' sanctions motion because Plaintiffs had violated the ADR Plan's confidentiality rules, and Defendant and Brannen were thus placed in a "Catch-22" position, *i.e.*, they could not present a more complete record in opposition to Plaintiffs' selective factual assertions concerning the mediation that would have negated Plaintiffs' claim of bad faith by Brannen without also violating the ADR Plan's

12

confidentiality rules.  Defendant's reconsideration motion at 2-3.  However, in requesting

reconsideration, Defendant and Brannen have sought to more fully reconstruct the

scenario relating to the conduct of the mediation by requesting the court consider such

additional information under seal.[7]  Based on Defendant's motions to seal the additional

material Defendant and Brannen believe more completely describe the relevant events

during the mediation, Defendant and Brannen demonstrate they could have sought

similar relief to facilitate their opposition to Plaintiffs' motion.  Defendant and Brannen fail

to explain why they did not seek such relief in opposition to Plaintiffs' motion, and the

court conceives of none.  Thus, as to this ground for reconsideration, neither Defendant

nor Brannen point to any applicable caselaw, or material information, overlooked by the

court in its consideration of Plaintiffs' motion.  Given that Defendant and Brannen could

have sought, and obtained, such permission, it cannot be found that reconsideration is

necessary to avoid clear error or other manifest injustice as to this ground.  Moreover,

upon careful review, the court finds nothing in the additional information provided by

Defendant and Brannen under seal that require modification of the D&O's essential finds

and conclusions.

Second, although Defendant and Brannen vigorously argue that Defendant and

Brannen's participation in the mediation was not perfunctory, as Plaintiffs contend, in that

Brannen discussed the substantive merits of Plaintiffs' claims, as reflected in the Power

Point presentation materials, and, according to Brannen, was willing to continue to

negotiate further had Plaintiffs proposed a lesser, and from Defendant's viewpoint, a

---

[7] Background, *supra*, at 4 n. 3.

more realistic settlement demand, nowhere in Defendant's present motion nor, more specifically, in Brannen's supporting affidavit, does Defendant or Brannen deny the accuracy of Phares's averrment describing what Plaintiffs were told by Brady, the mediator, immediately following his meeting with Brannen and Hudock, Defendant's attorneys at the mediation.  Specifically, in support of Plaintiffs' motion, Phares informed the court that following his private session with Plaintiffs and Phares, Phares Declaration ¶ 13, Brady met with Brannen, and presumably Hudock, and then conducted a further meeting with Plaintiffs and Phares advising them that Brannen had informed Brady that unless Plaintiffs "could explain why plaintiffs would win . . . [Defendant's] summary judgment motion on the issue of statute of limitations, he [Brannen] would offer no more than $1,000 and was otherwise unwilling to mediate any further."  *Id.* ¶ 14 (bracketed material and underlining added).  In opposition to Plaintiffs' motion, Brannen stated, as relevant, that "Plaintiffs never responded to [Defendant's] offer to determine whether any common ground could be reached or whether the substantial gap [in the parties' respective bargaining positions] could be narrowed."  Brannen Affidavit ¶ 5; Defendant's Response to Sanctions Motion at 14.  Neither in this paragraph of the Brannen Affidavit nor in any other part of his opposing affidavit, Defendant's Response to Sanctions Motion, Defendant's Motion for Reconsideration, or Brannen's Reconsideration Affidavit, is there any contradiction of that portion of Phares's Declaration, as set forth in the Phares Declaration ¶ 14, recounting in fair detail what Brady informed Plaintiffs was Defendant and Brannen's mediation position immediately following his private meeting with Brannen and Hudock during the mediation.

Although Brannen now asserts that Brady first met privately with Brannen and

Hurdock, via telephone conference call, Brannen Reconsideration Affidavit ¶ 10, no such contention was included in Defendant's Response to Plaintiffs' motion (Doc. No. 93) nor in Brannen's affidavit filed in opposition to Plaintiff's motion (Doc. No. 94).  In opposition to reconsideration, Phares insists Brady met first with Plaintiffs and Phares, Phares Declaration in Opposition ¶ ¶ 2-3, and, after meeting separately with Brannen and Hudock and receiving Brannen's unexpected demand for Phares's immediate rebuttal to Defendant's summary judgment motion, Brady conveyed Brannen's position to Phares who then discussed it with Plaintiffs.  *Id.* ¶ ¶ 3, 5.  Given that Plaintiffs had previously filed with Brady an eighteen-page pre-mediation memorandum, and that Brannen did not file a pre-mediation memorandum or provide Brady with a copy of Defendant's summary judgment motion papers, it is more likely that Brady discussed with Plaintiffs and Phares the substantive issues, but excluding issues raised by Defendant's unanticipated summary judgment motion, raised in Plaintiffs' memorandum first, and then learned, for the first time during the subsequent caucus meeting with Defendant's attorneys, of Brannen's demand, presumably approved by Hudock, regarding the statute of limitations issue.  Further, Brannen's own later recall, in support of reconsideration, that he avoided discussion of the issue in the joint session, Brannen Reconsideration Affidavit ¶ ¶ 6-7, apparently to avoid possible embarrassment of Phares in the presence of her clients for exposing Plaintiffs' claims to the shorter Pennsylvania statute of limitations, reinforces Phares's consistent position that Plaintiffs were surprised to learn from Brady of Defendant and Brannen's demand that Phares effectively rebut the merits of Defendant's motion following Brady's brief caucus meeting with Brannen and Hudock.  Phares Declaration ¶ ¶ 13-14; Phares Sur-Reply Declaration ¶ 3.  Brannen's rationale that he

15

was merely attempting to avoid such potential embarrassment is particularly specious as it is unlikely Plaintiffs, as non-lawyers, could readily understand and discuss the technical issues raised by the motion and supporting memorandum.  Moreover, Brannen was then well aware that Phares would be required to discuss with Plaintiffs Brannen's demand that Phares respond to these issues.

Given the undisputed eve-of-mediation filing of Defendant's summary judgment motion without prior notice to Plaintiffs or Brady, the complexity of the several legal and related factual issues raised by the motion,[8] that Phares had no opportunity to review the specifics of the motion before commencing the mediation, a fact acknowledged by Defendant and Brannen, Brannen Reconsideration Affidavit ¶ 8 ("although [Phares] should have received an electronic copy [of the motion] the previous day [via electronic filing] she likely did not have a hard copy available [to her]") (underlining and bracketed material added), and that the technical issues raised by the motion constituted subject matter difficult for resolution by the mediator even with prior notice,[9] especially in light of the unexpected raising of the issue before the mediator and Plaintiffs, Brannen's statement that, in response to Brannen's position as related to Plaintiffs by Brady, Plaintiffs failed "to determine whether any common ground could be reached or whether the substantial gap [in their respective settlement demand and offer] could be narrowed,"

---

[8]  On March 11, 2008, the court filed a 48 page Report and Recommendation ("the R&R") (Doc. No. 128) recommending that Defendant's summary judgment motion be denied. In the R&R, the court found material distinctions between the facts relevant to Defendant's statute of limitations defense in this case and such defense as raised by Defendant in the *Blain* and *Collins* cases, other litigation Defendant and Brannen assert placed Plaintiffs on notice that Defendant intended to rely during the mediation on its statute of limitations defense in this case.  Defendant's Response at 5-6; Phares Sur-Reply Declaration ¶ 3.

[9]  Defendant and Brannen do not indicate Brannen provided a copy of Defendant's summary judgment papers to Brady at the mediation.

may be fairly characterized as one at substantial variance with the facts.  By springing

Defendant's eleventh-hour statute of limitations stratagem on Plaintiffs and the mediator,

Defendant and Brannen effectively precluded further mediation discussions of Plaintiffs'

substantive claims by assuring Plaintiffs could not respond to Brannen's demand, that

Brady would be unable to mediate those issues, and that the meditation would therefore

likely be terminated.  At that point Defendant and Brannen knew or reasonably should

have known that the combined effect of the filing of the summary judgment motion and

Defendant and Brannen's stated mediation position would be to foreclose further

discussion.  Thus, Brannen's present assertion, in support of reconsideration, that "[t]he

$1,000 offer that Ms. Hudock and I relayed to Mr. Brady [and Plaintiffs] was an initial

offer . . . [and that] [Defendant] was prepared to negotiate further," Brannen

Reconsideration Affidavit ¶ 12 (bracketed material added), is both misleading and

disingenuous.

Significantly, in neither Defendant and Brannen's opposition to Plaintiffs' motion

nor in Defendant and Brannen's reconsideration motion do either Defendant or Brannen

explain why it was necessary to wait until the eve of the scheduled mediation to file the

summary judgment motion making it likely that Phares and Plaintiffs, as well as the

mediator, would be surprised by this tactic and thus unprepared to respond to it as a

legitimate issue for mediation.  Defendant and Brannen's assertion, in opposition to

Plaintiffs' motion, that Defendant "determined that it would be most helpful to outline its

statute of limitations arguments as cogently and coherently as possible before the

mediation session," Defendant's Response at 5, rings hollow as its fails to account for

the fact that by filing the motion while Phares was travelling to the mediation and without

17

an adequate opportunity for Brady to review Defendant's arguments to enable him to

facilitate mediation of this issue, Defendant and Brannen effectively subverted any

chance that the mediation could be productive.  Tellingly, neither Defendant nor Brannen

makes any attempt, either in opposition to Plaintiffs' motion or in support of

reconsideration, to explain why the statute of limitations issue was so prerequisite to

mediation it could not have been presented to Plaintiffs and Brady in a pre-mediation

memorandum as expected pursuant to the ADR Plan § 5.6 (requiring a pre-mediation

memorandum describing the parties' claims and defenses).

Nor do Defendant or Brannen explain how the filing of the motion could be viewed

plausibly as other than an unambiguous indication that Defendant had no serious

intention to achieve a resolution of the Plaintiffs' claims through mediation given that the

complex nature of the issues raised by the summary judgment motion were not readily

amenable to mediation and almost certainly not at the scheduled mediation with Brady

without prior notice to him of the issue and a reasonable opportunity to prepare to

address it with the parties.[10]  This conclusion is fully supported by Defendant's failure,

both in opposition to Plaintiffs' sanctions motion and in seeking reconsideration, to

contradict Phares's averrment that Brannen had informed Brady that in the absence of a

persuasive opposition to the summary judgment motion from Plaintiffs at the mediation,

satisfactory to Brannen, *i.e.*, "*new* reasons why [Plaintiffs] would win [Defendant's

motion]", Phares Sur-Reply Declaration ¶ 3 (italics in original, bracketed material added),

---

[10]  In opposing Plaintiffs' motion, Defendant asserted that it was under no obligation with respect to the timing of filing the summary judgment motion.  Defendant's Response at 5.  Such a hypertechnical view ignores the probable adverse effect on the mediation of such filing as well as the fact that the Scheduling Order contemplated the parties would report the outcome of the mediation so that further proceedings including summary judgment motions would then be scheduled.

Plaintiffs must accept Defendant's $1,000 offer or Defendant was unwilling to proceed with the mediation.  Rather, in the court's view, Defendant and Brannen's decision to file the summary judgment motion without prior notice to Plaintiffs, or the mediator, coupled with Defendant's token settlement offer of $1,000 and belated demand, as communicated to the mediator, that Plaintiffs rebut the merits of the motion as a precondition to further mediation, demonstrate Defendant and Brannen intended the filing of the motion, and its related precondition to further mediation, to frustrate any reasonable possibility of a successful mediation rendering Plaintiffs' and Phares's participation futile, and that Defendant and Brannen's participation was therefore lacking in good faith in violation of § 2.3 of the ADR Plan.

In opposing Plaintiffs' motion, Defendant and Brannen contended that Plaintiffs' motion "ignored the very nature of mediation" in which the parties are expected to "meet, outline their positions, assess the relative strength and weaknesses of their cases . . . and that while some mediations result in success, others do not."  Defendant's Response at 4.  However, such a cramped understanding of mediation under the Plan overlooks the important role of the mediator who is charged, under the ADR Plan § 5.1, with the responsibility of assisting the parties in avoiding further litigation by probing the "strengths and weaknesses of each party's legal positions."  As found by the court in the D&O, Defendant and Brannen, in filing the summary judgment motion, prevented Plaintiffs from assessing Defendant's position and the mediator from performing his mediative function.  The ADR Plan required the parties to engage in mediation as a means to avoid litigation; in this case, however, Defendant and Brannen engaged in litigation to avoid mediation.

Accordingly, nothing in Defendant's motion for reconsideration shows that in rendering the D&O, the court overlooked controlling legal authority or material facts, or that a failure to grant reconsideration would, on this record, result in any manifest injustice to Defendant or Brannen.  Defendant's reconsideration motion is therefore without merit.

## CONCLUSION

Based on the foregoing, Defendant's tolling motion (Doc. No. 108) is GRANTED; Defendant's reconsideration motion (Doc. No. 133) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 26, 2009
       Buffalo, New York